IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VANESSA KREEGER, )<br>*SERVE AT:* )<br>   11716 E. 60th Terrace )<br>   Kansas City, Missouri 64133 )<br>)<br>and )<br>)<br>ESTATE OF MICHAEL MUNROE, )<br>*HOLD SERVICE:* )<br>)<br>and )<br>)<br>DEBORAH MUNROE, )<br>*SERVE AT:* )<br>   2548 NW Bent Tree Circle )<br>   Lee's Summit, Missouri 64081 )<br>)<br>and )<br>)<br>ASHLEY MUNROE, )<br>*SERVE AT:* )<br>   1233 SE Princeton Drive )<br>   Lee's Summit, Missouri 64081, )<br>)<br>Defendants. ) | Case No: 4:23-cv-00583 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, ALLSTATE INSURANCE COMPANY, by and through its undersigned attorneys, BETH C. BOGGS and BOGGS, AVELLINO, LACH & BOGGS, L.L.C.,

and for its Complaint for Declaratory Judgment, states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. At all times relevant herein, Allstate Insurance Company (hereinafter "Allstate") is and was a corporation authorized to transact business in the State of Missouri, with its principal place of business in the State of Illinois, and incorporated under the laws of the State of Illinois and therefore is a citizen of Illinois.

2. Upon information and belief, at all times relevant hereto, Defendant MICHAEL MUNROE was an individual resident of the County of Jackson, State of Missouri. Upon information and belief, MICHAEL MUNROE has passed away and his will has been submitted and accepted by the Probate Court for the County of Jackson, State of Missouri, Cause No. 2316-CV11276. Personal Representatives have not yet been appointed by the Court.

3. Upon information and belief, at all times relevant hereto, Defendant, DEBORAH MUNROE, was an individual resident of the County of St. Jackson, State of Missouri.

4. Upon information and belief, at all times relevant hereto, Defendant, ASHLEY MUNROE, was an individual resident of the County of Jackson, State of Missouri.

5. Upon information and belief, at all times relevant hereto, Defendant, VANESSA KREEGER, was an individual resident of the County of Jackson, State of Missouri.

6. At all times relevant to this action, Allstate and Defendants MICHAEL MUNROE and DEBORAH MUNROE, husband and wife, residing at 2548 NW Bent Tree Circle, Lee's Summit, Missouri 64081-1824, were parties to a Landlords Package Policy,

Policy No. 995 552 574, with MICHAEL MUNROE and DEBORAH MUNROE as the "named insureds," listing 1233 SE Princeton Drive, Lee's Summit, Missouri 64081-2781, as the property insured (the "Property") effective from September 19, 2021, to September 19, 2022 (the "Policy"). The Policy is attached and labeled, **Exhibit 1**.

7. Ashley Munroe is the daughter of Michael and Deborah Munroe.

8. Ashley is not named as an additional insured on the Policy.

9. Ashley Munroe is a paraplegic and was residing at the Property due to the greater accessibility of the home.

10. On December 16, 2021, Lee's Summit Animal Control responded to the Property regarding a reported dog bite. The reporting party was listed as Ashley Munroe, described as the owner of a gray American Pit Bull Terrier named Diesel.

11. The reporting officer arrived on the scene and interviewed Ashley Munroe, who reported that Vanessa Kreeger was her caretaker, and Vanessa jumped between two dogs which were in a scuffle, at which time Diesel bit her on the wrist, causing an injury.

12. Vanessa Kreeger provided a written, voluntary statement to the Lee's Summit Police Department, stating that she let Diesel, Ashley Munroe's dog, outside, and was walking him back in when Diesel saw Ms. Kreeger's daughter's dog in another room. Ms. Kreeger attempted to take Diesel outside, at which time the dog bit Kreeger on the arm.

13. The pertinent Policy language is set forth below:

*GENERAL*

*Definitions Used in This Policy*
1. **Bodily injury** – means physical harm to the body, . . .

2. **Building structure** – means a structure with walls and a roof.

* * *

4. Dwelling – means a one, two, three or four family **building structure** which is used principally as a private residence and located at the address stated on the Policy Declarations.

5. Insured person(s) – means:
   a) if **you** are shown on the Policy Declarations as an individual and **you** are a sole proprietor, **you** and **your** resident spouse.

* * *

   d) **your** employees, while acting within the course and scope of their ownership, maintenance or use of the **residence premises**.

   e) any person or organization while acting as **your** real estate manager for the **residence premises**.

* * *

6. Occurrence – means:
   a) under **Coverage X – Liability Protection**, an accident during the policy period, . . . resulting in **bodily injury**, . . . and arising from the ownership, maintenance or use of the **residence premises**.
   b) under **Coverage Y – Premises Medical Protection**, an accident during the policy period, . . . resulting in **bodily injury** and arising from the ownership, maintenance or use of the **residence premises**.

* * *

9. Rental Unit – means that portion of **your dwelling** which forms separate living space intended for **tenant** occupancy.

10. Residence premises – means **your dwelling**, other structures and land located at the address stated on the Policy Declarations.

11. Tenant – means any person who rents or lawfully occupies a **rental unit**.

* * *

13. We, us, or our – means the company named on the Policy Declarations.

14. You or your – means the person(s), partnership, joint venture, or organization specifically named on the Policy Declarations as the insured.

*Insuring Agreement*
In reliance on the information **you** have given **us**, **we** agree to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due,

comply with the policy terms and conditions, and inform us of any change in title or use of the **residence premises**.

Subject to the terms of this policy, the Policy Declarations shows the location of the **residence premises**, applicable coverages, limits of liability and premiums. The policy applies only to losses or **occurrences** that take place during the Policy Period. The Policy Period is shown on the Policy Declarations. This policy is not complete without the Policy Declarations.

The terms of this policy impose joint obligations on persons defined as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon every other person defined as an **insured person**.

\* \* \*

*SECTION II – LIABILITY PROTECTION AND PREMISES MEDICAL PROTECTION*

*Coverage X*
*Liability Protection*

*Losses We Cover Under Coverage X:*
Subject to the terms, conditions and limitations of this policy, **we** will pay compensatory damages which an **insured person** becomes legally obligated to pay because of **bodily injury**, . . . arising from a covered **occurrence**. **We** will not pay any punitive or exemplary damages, fines or penalties.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to defend any suit or pay any claim or judgment after **we** have exhausted **our** limit of liability.

*Losses We Do Not Cover Under Coverage X:*

\* \* \*

2. We do not cover **bodily injury** . . . to an **insured person**.

\* \* \*

15. We do not cover **bodily injury**, . . . arising from any contract or agreement, whether written or oral.

\* \* \*

*Coverage Y*
*Premises Medical Protection*

*Losses We Cover Under Coverage Y:*
We will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing, and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an **occurrence** resulting in the **bodily injury** covered by this part of the policy.

Payment will be made only if **bodily injury**:
1. arises from a condition on the **residence premises** or immediately adjoining ways; or
2. arises from an **occurrence** for which indemnification is provided under **Coverage X – Liability Protection** of this policy.

*Losses We Do Not Cover Under Coverage Y:*

\* \* \*

5. We do not cover any **bodily injury** to an **insured person**.

\* \* \*

11. We do not cover **bodily injury**:
    a) to a **tenant** if the **bodily injury** occurs on the part of the **residence premises** rented from an **insured person**; or
    b) to an employee of a **tenant** if the **bodily injury** arises out of the employment by the **tenant**.

\* \* \*

## Jurisdiction and Venue

14. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), in that Allstate and each defendant have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. Vanessa Kreeger has reported injuries including surgery to her arm, permanent disfigurement, pain, suffering and lost wages during recuperation, which may reasonably be expected to exceed the jurisdictional limit of the Court. This is a justiciable matter under 28 U.S.C. §2201(a).

15. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(c) as the underlying the dog bite occurred in Jackson County, Missouri, which is located in this judicial district.

Case No.: 4:23-cv-00583                                                                 Page 6 of 10
Case 4:23-cv-00583-BCW   Document 1   Filed 08/17/23   Page 6 of 10

## COUNT I - Declaration That No Liability Coverage Exists Under the Policy in that Ashley Munroe is not an insured under the policy

16. Plaintiff repeats and incorporates the allegations in Paragraphs 1 through 15 as fully set forth herein.

17. Under Missouri law, the interpretation of an insurance policy is a question of law. *McDonnell v. Economy Fire & Cas. Co.*, 936 S.W.2d 598, 599 (Mo. App. E.D. 1996). Absent ambiguity, an insurance policy will be enforced as written and given its plain and ordinary meaning. *Cameron Mut. Ins. Co. v. Woods*, 88 S.W.3d 896, 901 (Mo. App. W.D. 2002).

18. Under Section II, Coverage X, the policy provides Liability Protection for and will pay compensatory damages which an *insured person* becomes legally obligated to pay because of bodily injury, arising from a covered occurrence. An occurrence is defined as "an accident during the policy period, resulting in bodily injury, and arising from the ownership, maintenance or use of the residence premises."

19. The dog in question was owned by Ashley Munroe, the owners' daughter, and housed exclusively on the rental property.

20. A controversy exists between the parties concerning their respective rights under the Policy as follows:

   a. Plaintiff, Allstate, contends that, pursuant to the Policy definitions regarding an insured person, the Policy does not provide coverage for any alleged injuries or damages arising from the incident that occurred on December 16, 2021.

   b. Plaintiff, Allstate, anticipates that Defendant, VANESSA KREEGER, will

claim that her injuries and damages are covered by the Policy.

    c. Plaintiff, Allstate, anticipates that Defendants, MICHAEL MUNROE and DEBORAH MUNROE, will claim that the Policy insures them against any potential claim for damages by Defendant, VANESSA KREEGER, arising out of the accident that occurred on December 16, 2021.

21. The actual controversy herein is justifiable and recognizable by this Court. The Court's entry of judgment in this matter will resolve all issues arising out of the Policy between Plaintiff and Defendants.

22. There is no other litigation pending involving the parties herein concerning the rights and liabilities under the Policy.

23. By reason of the foregoing, a Declaratory Judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between the parties in connection with the Policy.

WHEREFORE, Plaintiff, Allstate, respectfully requests that this Court enter judgment as follows:

    d. Declaring that the Policy does not afford coverage for any claims or causes of action by Defendant, VANESSA KREEGER, arising out of the incident that occurred on December 16, 2021.

    e. Declaring that Plaintiff, Allstate, does not have any duty to indemnify, defend, reimburse, or provide coverage to the Defendants ASHLEY MUNROE, MICHAEL MUNROE and/or DEBORAH MUNROE.

    f. Declaring Plaintiff, Allstate, does not have any duty to pay the Defendants

any sums for any alleged losses arising out of the collision that occurred on June 20, 2020.

g. Awarding Plaintiff, Allstate, such other and further relief as the Court deems just and proper under the circumstances.

### COUNT II - Declaration That No Liability Coverage Exists Under the Policy Because Vanessa Kreeger was an Employee of Michael and Deborah Munroe

24. Plaintiff repeats and incorporates the allegations in Paragraphs 1 through 23 as fully set forth herein.

25. Bodily injury to an insured person is excluded from coverage under Policy. The definition of an insured person includes an employee, while acting within the course and scope of their maintenance or use of the premises.

26. Vanessa Kreeger resided at the Property for the purpose of taking care of Ashley. It to be Vanessa's responsibility to care for the dogs given Ashley's limitations as a paraplegic.

27. Upon information and belief, Vanessa Kreeger cared for both Ashley Munroe and her dogs in exchange for not having to pay rent.

28. In the alternative to Counts I and II, in the event it is determined that Vanessa Kreeger was an employee of the owners of the property, Ms. Kreeger was injured while actin with the course and scope of her duties in her use of the Property.

29. By reason of the foregoing, a Declaratory Judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between the parties in connection with the Policy.

WHEREFORE, Plaintiff, Allstate, respectfully requests that this Court enter judgment as follows:

a. Declaring that the Policy does not afford coverage for any claims or causes of action by Defendant, VANESSA KREEGER, arising out of the incident that occurred on December 16, 2021.

b. Declaring that Plaintiff, Allstate, does not have any duty to indemnify, defend, reimburse, or provide coverage to the Defendants, ASHLEY MUNROE, MICHAEL MUNROE and/or DEBORAH MUNROE.

c. Declaring Plaintiff, Allstate, does not have any duty to pay the Defendants any sums for any alleged losses arising out of the collision that occurred on June 20, 2020. Awarding Plaintiff, Allstate, such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

ALLSTATE INSURANCE COMPANY

By: /s/Beth C. Boggs
Beth C. Boggs, #43089
BOGGS, AVELLINO, LACH & BOGGS, L.L.C.
9326 Olive Blvd., Suite 200
St. Louis, MO 63132
(314) 726-2310 Telephone
(314) 726-2360 Facsimile
bboggs@balblawyers.com
Attorneys for Plaintiff

Z:\LOK_data\2451\042\Complaint DJ-02.docx\PFD